UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARCUS ROBINSON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
                                 /

CASE NO.   06-CV-14431
                   99-CR-20011

DISTRICT JUDGE DAVID M. LAWSON
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**
(Dkt. 555)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **DENIED.**[1]

**II.    REPORT**

    **A.**    **Introduction**

Pending, pursuant to an order of reference from United States District Judge David Lawson (Dkt. 556), is the above-entitled motion brought under 28 U.S.C. § 2255 that was filed on October 10, 2006. The Government filed a response opposing the motion on November 8, 2006. (Dkt. 557.) Petitioner filed a reply on November 20, 2006. (Dkt. 558.) After review of the motion and response, I conclude that a Report and Recommendation without oral argument is appropriate pursuant to E.D. Mich LR 7.1(e)(2).

---

[1] I further suggest that Petitioner's requests for discovery and for an evidentiary hearing be denied.

**B.     Procedural History**

In February 1999, Petitioner was charged in a multi-defendant indictment with conspiracy to manufacture marijuana and traveling in interstate commerce in furtherance of the alleged conspiracy. (Dkt. 4.) Ultimately, a joint trial began in May 2001 on charges contained in a third superceding indictment. (Dkt. 242.) The docket indicates that Petitioner was represented by attorneys James C. Thomas and Thomas Loeb. (Pet., Dkt. 555 at Ex C1.)

After a month-long trial, a jury found Petitioner guilty of conspiracy to manufacture and distribute 1,000 or more marijuana plants or 1,000 kilograms or more of marijuana and of Travel Act violations. (Dkt. 286.) On October 2, 2001, Petitioner was sentenced by United States District Judge David Lawson to 130 months incarceration on the conspiracy count and a concurrent 60- month sentence on the interstate travel counts. (Dkt. 339.) Five days later, an appeal to the United States Court of Appeals for the Sixth Circuit was filed. (Dkt. 341.)

On appeal, Petitioner's counsel argued that Judge Lawson erred in admitting hearsay statements, that the statements were not in furtherance of the conspiracy, and that there was no independent proof that Petitioner was a member of the conspiracy. Counsel also argued that there was insufficient evidence to support the interstate travel convictions. Finally, counsel asserted that Petitioner was denied a fair trial because the Assistant United States Attorney was allowed to improperly argue evidence during closing and because testimony known by the Government to be false was allowed into evidence.

On January 10, 2005, the Sixth Circuit affirmed Petitioner's convictions. *U. S. v Robinson,* 116 Fed. Appx. 646 (6th Cir. 2004). As to Petitioner's claims challenging the admission of hearsay statements, the court stated:

> James Austin Mattingly, identified as one of the members of the vast conspiracy, testified that Ralph Medley, during the year 1995, offered an explanation on how the profits from the growing of marijuana were to be distributed. In the process, Medley told Mattingly that the owners of the farm, the "Robinsons," were to receive the larger share of the profits. *See* J.A. 1823-26. Prior to allowing the testimony, the district court reviewed the anticipated testimony, and held:

2

> I think it's fair to infer that the efforts that were being engaged in were for profit. This was not a science project. I think that because the enterprise was to make money, a discussion about dividing the spoils or the profits is exactly within the scope of the enterprise and describes information and conversation that is in furtherance of that money making enterprise: therefore, the objection is overruled.

J.A. 1809. Subsequently, at the conclusion of the trial, the district court ruled that the statements of the co-conspirators were unconditionally received pursuant to Rule 801(d)(2)(E).

*Id.* at 662-63.

The Court concluded as follows with regard to Petitioner's claims relating to hearsay evidence and the conspiracy count:

> We find that the Medley statements, as related by Mattingly, were made during and in furtherance of the conspiracy.
>
> In this case, the district court carefully and conservatively applied Rule 801(d)(2)(E) and excluded certain statements as not admissible under the Rule. We also note that the testimony of co-conspirators Frances Robinson, James Austin Mattingly and James Steffens, along with the testimony of the Michigan residents, when coupled with testimony regarding the purchase of the 78-acre farm by the Robinson brothers, Chad and Marcus, along with the subsequent denials of the Robinson brothers, supported the indictment's allegations of a conspiracy.

*Id.* at 663 (footnotes omitted). Finally, the court considered and rejected Petitioner's claims of prosecutorial misconduct. *Id.* at 671.

Petitioner thereafter filed a petition for writ of *certiorari* to the United States Supreme Court. On March 28, 2005, the petition was granted and the Supreme Court vacated the judgment of the Court of Appeals, remanding the case for further consideration in light of *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). On remand, Petitioner's appeal was dismissed. The reasoning behind the dismissal was summarized by the Sixth Circuit in a companion case:

> [T]he Supreme Court remanded the appeals of co-defendants Marcus Robinson, who received a sentence of 130 months, and Dennis Miles, who received a sentence of 121 months, for further consideration in light of *Booker*.
>
> We have remanded the case of Dennis Miles to the district court for resentencing under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). The remand was ordered because Dennis Miles challenged his sentence on direct appeal. We

3

> reached a different result with the appeal of Marcus Robinson because he did not challenge his sentence on direct appeal to our court, and as a consequence, waived any such challenge.
>
> As we found that the Supreme Court's order remanding the appeal of Marcus Robinson left undisturbed his conviction, we dismissed his appeal rather than remand to the district court for resentencing.

*U.S. v. Robinson,* 161 Fed. Appx. 541, 544 (6th Cir. 2006) (footnotes omitted).

Petitioner filed a second petition for writ of *certiorari,* which was denied by United States Supreme Court October 3, 2005. *Robinson v. U.S.*, ___ U.S. ___, 126 S. Ct. 78, 163 L. Ed. 2d 99 (2005). A petition for rehearing was likewise denied on January 9, 2006. *Robinson v. U.S.*, ___ U.S. ___, 126 S. Ct. 1130, 163 L. Ed. 2d 933. The timely filing of the instant motion followed.     In his motion, Petitioner raises three claims.[2] The first is that his counsel was ineffective for failing to investigate the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), and raise this case before the Court of Appeals. Petitioner's second claim is that counsel was ineffective for failing to move for a mistrial based on Petitioner's right to confront the witnesses against him. In the accompanying memorandum, Petitioner makes clear that the evidence relating to this claim comprises the hearsay statements admitted against him at trial by Judge Lawson. Petitioner also seeks leave to undertake discovery and requests an evidentiary hearing.

**C.     Motion Standards**

**1.     Governing Law of Motions Brought Pursuant to 28 U.S.C. § 2255**

In order to prevail on a § 2255 motion, a petitioner must show a "fundamental defect which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A § 2255 motion is not a substitute for a direct appeal. When a petitioner raises a claim under § 2255 that he failed to raise at the appellate level, a court

---

[2] A third claim is listed in Petitioner's motion, but is not discussed in the supporting memorandum or elsewhere. I note that it is not discussed in the Government's response, and since the Petitioner failed to provide any detailed recitation of the grounds underlying that argument, it will not be discussed in this Report and Recommendation.

4

is generally precluded from reviewing the merits of such a claim unless a petitioner can show: (1) cause for his failure to raise the claim earlier in a direct appeal; and (2) actual prejudice stemming from the alleged violation. *See Reed v. Farley*, 512 U.S. 339, 354-55, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994). However, the Sixth Circuit has held that a post-conviction motion under § 2255 is the proper vehicle for raising claims of ineffective assistance of counsel in the first instance. *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002) (citing *United States v. Wunder,* 919 F.2d 34, 37 (6th Cir. 1990)). Here, all of Petitioner's claims are in essence based upon alleged ineffective assistance of counsel.

### 2. Governing Law of Ineffective Assistance of Counsel Claims

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Court enunciated a two-prong test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Id*. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id*. at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id*. at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process. In *Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

### D.    Analysis and Conclusions

### 1.    Exhaustion on Direct Review

Each of Petitioner's claims presented in his § 2255 motion was substantively raised and definitively answered by the Court of Appeals. Under the law this circuit, Petitioner may not relitigate those issues by re-characterizing them as instances of ineffective assistance of counsel. *See United States v. Brown*, 1995 WL 465802, No. 94-5917 (6th Cir. 1995) (unpublished) ("A § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances"), *cert. denied*, 516 U.S. 942, 116 S. Ct. 377, 133 L. Ed. 2d 301 (1995). *Accord United States v. DeGroat*, 102 Fed. Appx. 956 (6th Cir. 2004) ("Even though DeGroat's trial counsel did not object to the drug quantity at trial, the quantity determination was considered and deemed appropriate by this court on direct appeal. This prevents DeGroat from showing a reasonable probability that, had her trial counsel objected . . ., the outcome at her sentencing would have been different."); *Ford v. United States*, 36 F.3d 1097 (6th Cir.1994) (unpublished), *cert. denied*, 514 U.S. 1031, 115 S. Ct. 1390, 131 L. Ed. 2d 241 (1995); *Kelly v. United States*, No. 92-5103, 1992 WL 296864 (6th Cir. 1992) (unpublished). Accordingly, I suggest that the denial of Petitioner's motion is appropriate. I further suggest that the requests for discovery and for an evidentiary hearing be denied.

Although I have recommended the denial of Petitioner's motion on procedural grounds, in the interests of completeness and judicial economy on review, I will alternatively consider Petitioner's claims on their merits.

### 2. Sentencing – *Booker* and *Blakely*

Petitioner asserts that his attorney provided ineffective assistance in failing to assert a claim under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), and *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). However, Respondent correctly points out that, while in *Booker*, the more recent of the cases, the Supreme Court explicitly provided that the holding in that case was to be applied "to all cases on direct review," *Booker*, 125 S. Ct. at 769, the Court failed to extend holding of the *Booker* line of cases to motions such as this; i.e., those seeking post-conviction relief. *Humphress v. United States*, 398 F.3d 855, 860-63 (6th Cir. 2005); *Bailey v. United States*, No. 04-73018, 2005 WL 1049980 (E.D. Mich. April 19, 2005) (unpublished). I note in addition that, as of this date, every other federal court of appeals to have considered the issue has held that the *Booker* line of cases does not apply retroactively to cases on collateral review. *See, e.g., Guzman v. United States*, 404 F.3d 139, 143-44 (2nd Cir. 2005); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005); *United States v. Price*, 400 F.3d 844, 845 (10th Cir. 2005); *Humphress*, *supra*, 398 F.3d at 857; *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005); *Lloyd v. United States*, No. 04-3549, 2005 WL 1155220 (3rd Cir. N.J. May 17, 2005) (unpublished). I therefore suggest that the relief provided by the Supreme Court in *Booker* is unavailable to Petitioner on the collateral review requested in the instant motion.

### 3. Confrontation Clause Claim

At the outset, I suggest that this claim is in essence the reformulation of Petitioner's earlier arguments relating to the admission of his own statements and of the hearsay statements of his co-conspirators under Rule 801(d)(2)(E). Although Petitioner claims that his counsel failed to move for a mistrial, he nonetheless concedes, as he must, that his counsel strenuously objected to the admission of

these statements and vigorously argued this issue on appeal. In support of his contentions, Petitioner cites *Crawford v Washington,* 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 177 (2004). However, as the Government correctly points out, the court in *Crawford* itself expressed that its holding did not apply to evidence admitted under Rule 801(d)(2)(E), the rule utilized by Judge Lawson during the trial. *Id.* at 55-56. *See also Stuart v Wilson,* 442 F. 3d 506, 515 n.5 (6th Cir. 2006). I therefore conclude that counsel's actions relating to these statements cannot constitute ineffective assistance of counsel under the standards set forth above, and therefore Petitioner's motion should be denied.

### III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                         s/ *Charles E Binder*
                                         CHARLES E. BINDER
Dated: January 22, 2007                 United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that this Report And Recommendation was electronically filed this date, electronically served on Janet Parker and District Judge Lawson, and served on Marcus Robinson by first class mail.

Date: January 22, 2007                By      s/Jean L. Broucek
                                      Case Manager to Magistrate Judge Binder