UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS ROBINSON,

        Petitioner,         Civil No. 06-14431
                                            Criminal No. 99-20011
v.                                            Honorable David M. Lawson
                                            Magistrate Judge Charles E. Binder
UNITED STATES OF AMERICA,

        Respondent.
_____/

**OPINION AND ORDER SUSTAINING IN PART AND OVERRULING IN PART OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, REJECTING REPORT, ADOPTING RECOMMENDATION, AND DENYING MOTION TO VACATE SENTENCE**

     The petitioner, Marcus Robinson, was convicted of violating the Controlled Substances Act and the Travel Act and sentenced to 130 months in prison. He filed a motion under 28 U.S.C. § 2255 to vacate his sentence, which the Court referred to Magistrate Judge Charles E. Binder for a report and recommendation. Judge Binder filed a report recommending that the motion be denied, and the petitioner filed timely objections. The Court has conducted a *de novo* review of the matter and concludes that the petitioner's objections criticizing the magistrate judge's treatment of his claims have merit, the magistrate judge incorrectly decided the issues regarding the procedural and substantive bars to relief, but the petition should be denied nonetheless because Sixth Circuit precedent requires a finding that the petitioner's appellate counsel's performance was not deficient.

I.

     The main issue raised by the section 2255 motion in this case is whether appellate counsel rendered ineffective assistance by failing to anticipate the Supreme Court's holding in *United States v. Booker*, 543 U.S. 220 (2005), thereby preserving a claim that mandatory application of the United

States Sentencing Guidelines to Robinson was unconstitutional. Two Sixth Circuit decisions indicate that such a failure does not amount to deficient performance. *See Nichols v. United States*, 563 F.3d 240, 253 (6th Cir. 2009) (en banc) ("Nichols has not shown that his counsel was constitutionally ineffective for failing to anticipate or foresee a change in the law and raise an *Apprendi*-based challenge at sentencing or on direct appeal, for failing to move the appellate court for reconsideration on a *Blakely*-based claim in post-appellate proceedings, or for failing to petition the Supreme Court for certiorari based on *Booker*."); *Dunham v. United States*, 486 F.3d 931, 934 (6th Cir. 2007) (rejecting argument that decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), should have "put [petitioner's] counsel on notice to argue that his sentence was similarly unconstitutional . . . because this court specifically rejected this type of *Apprendi*-based argument in the period before *Booker* was decided" (citing *United States v. Koch*, 383 F.3d 436 (6th Cir. 2004) (en banc))). The magistrate judge recommended denial of the motion on different grounds, which the Court believes are incorrect.

The procedural history of the case is as follows. On February 10, 1999, a federal grand jury returned a multi-count indictment charging the petitioner and several others with conspiracy to manufacture marijuana, and traveling in interstate commerce to advance the conspiracy. Superseding indictments were returned on December 7, 1999 and March 28, 2001. A jury trial commenced against the petitioner and five other defendants on May 15, 2001. On June 14, 2001, the jury returned its verdict finding the petitioner guilty of conspiracy to manufacture 1000 kilograms or more of marijuana or 1000 or more marijuana plants and the Travel Act violations.

At sentencing, the petitioner was held accountable for 3,347.5 kilograms of marijuana, and based on that finding the presentence report recommended a base offense level of 32, citing U.S.S.G.

§ 2D1.1(c)(4) (2000). That reference was erroneous, however, inasmuch as that quantity of marijuana falls within U.S.S.G. § 2D1.1(c)(3), which calls for a base offense level of 34. This mistake was overlooked by the Court and the government, which did not object to that finding, and after the Court rejected an enhancement for the petitioner's role in the offense, the sentencing guideline range was determined to be 121 to 151. The petitioner was sentenced at the lower end of that range, receiving 130 months in custody.

The petitioner filed a direct appeal, alleging five errors: (1) this Court admitted hearsay statements that were not in furtherance of the conspiracy and where there was no independent proof that the petitioner was a member of the conspiracy; (2) the evidence was insufficient because the circumstantial evidence of the petitioner's participation in the conspiracy was equally consistent with innocence; (3) there was insufficient evidence to support the Travel Act convictions; (4) the defendant was denied due process when the Assistant United States Attorney improperly argued the evidence in closing; and (5) the government knowingly presented false testimony. Prior to oral argument in the court of appeals, the Supreme Court handed down its decision in *Blakely v. Washington*, 542 U.S. 296 (2004), which invalidated the statutory sentencing scheme of the State of Washington. The petitioner's appellate counsel did not raise a sentencing issue or cite *Blakely* as precedent to challenge the petitioner's sentence under the United States Sentencing Guidelines. The court of appeals affirmed the petitioner's convictions in November 2004. *United States v. Robinson*, 116 F. App'x 646 (6th Cir., Nov. 19, 2004).

In January 2005, the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005), which avoided a determination that the United States Sentencing Guidelines were unconstitutional by severing a portion of the legislation that made them mandatory. Thereafter, federal sentencing

courts were to consider the Sentencing Guidelines in an advisory capacity only. In February 2005, the petitioner filed a petition for writ of certiorari in the Supreme Court challenging the reasonableness of his sentence in light of *Booker*. In March, the Supreme Court issued an order granting *certiorari*, vacating the judgment of the court of appeals, and remanding for reconsideration in accordance with *Booker*. *Robinson v. United States*, 544 U.S. 945 (2005). However, on remand the court of appeals found that the petitioner had waived the right to reconsideration of his sentence by failing to raise a sentencing issue earlier in his appeal to that court. *United States v. Marcus Robinson*, No. 01-2395, slip. op. (6th Cir. Dec. 20, 2005). As it turns out, a co-defendant, Dennis Miles, pursued an appellate path similar to Robinson's, but Miles's appellate counsel did raise a sentencing issue in the court of appeals, filed a petition for *certiorari*, and was successful on remand having his sentence reduced at a re-sentence hearing. Noting the crucial difference between the two – the absence of a sentencing issue in Robinson's original appeal – the court of appeals refused to remand the petitioner's case for re-sentencing and simply dismissed his appeal. A subsequent *certiorari* petition was denied. *Robinson v. United States*, 547 U.S. 1021 (2006).

The petitioner then filed the present motion to vacate his sentence under 28 U.S.C. § 2255. He alleges that he received ineffective assistance of counsel at trial and on direct appeal because (1) trial counsel failed to move for a mistrial on the ground that the petitioner's Sixth Amendment right to confront witnesses was violated by admission of out-of-court statements of co-conspirators under Federal Rule of Evidence 801(d)(2)(E); and (2) at sentencing, counsel failed to challenge the base offense level determination that was computed on an amount of drugs found by the Court based on a preponderance of evidence and not by the jury, and appellate counsel failed to raise this issue and the corresponding unconstitutionality of the United States Sentencing Guidelines, thereby

anticipating the Supreme Court's decision in *United States v. Booker*, especially as *Booker* was foreshadowed by the Court's decision in *Blakely v. Washington*.

The magistrate judge recommended that the petitioner's motion be denied on both procedural and substantive grounds. Procedurally, Judge Binder concluded that this Court is barred from reviewing the petitioner's motion because the petitioner is merely attempting to re-litigate an issue that was previously decided by the court of appeals by characterizing it as an instance of ineffective assistance of counsel. Substantively, Judge Binder concluded that *Booker* and *Blakely* cannot apply retroactively to cases on collateral review, even in the guise of an ineffective assistance of counsel claim.

The petitioner filed timely objections to the report and recommendation. He insists that the sentencing issue was never raised or decided by the court of appeals, so no procedural bar can operate here. And he notes that since the argument is that appellate counsel was ineffective for failing to raise the constitutionality of the Sentencing Guidelines *on direct appeal*, the question of *Booker*'s retroactivity is irrelevant. In a reply to the government's response to the petitioner's objections, the petitioner withdrew his claim that counsel was ineffective for not asserting a Confrontation Clause argument at trial concerning the co-conspirator statements. Reply Br. [doc. #593] at 2.

II.

Objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."

*Miller v. Currie,* 50 F.3d 373, 380 (6th Cir.1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

The petitioner was sentenced under a mandatory sentencing guideline regime, which has since been invalidated. *Booker*, 543 U.S. at 250-51. The petitioner cannot benefit directly from this change in the law, however. The Sixth Circuit has held that *Booker* "does not apply retroactively to cases already final on direct review." *Humphress v. United States*, 398 F.3d 855, 857 (6th Cir. 2005). The court reaffirmed the holding of *Humphress* in *Lang v. United States*, 474 F.3d 348, 353-57 (6th Cir. 2007). The magistrate judge so observed in his report.

But that observation misses the point of the petitioner's main argument. He says that he lost the opportunity to benefit from *Booker* as precedent because his appellate counsel failed to raise an appropriate challenge to the constitutionality of the United States Sentencing Guidelines on direct appeal, which would have taken his case out of the prohibition described by the magistrate judge and his citation to *Humphress*. His objection to the magistrate judge's report on this ground, therefore, is well taken.

It is also true that a court may not conduct a collateral review of a judgment where the issues for review have been decided on direct appeal. *DuPont v. United States*, 76 F.3d 108, 110-11 (6th

Cir. 1996). Nor, in most circumstances, may a court conduct collateral review of an issue that has been procedurally defaulted by the petitioner's failure to raise the grounds for review on direct appal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). A claim that could have been raised on direct appeal generally is not reviewable in a section 2255 motion. *Bousley v. United States*, 523 U.S. 614, 621 (1998) (holding that "even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review"); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (reaffirming that "[s]ection 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process"). In *United States v. Frady*, 456 U.S. 152 (1982), the Supreme Court observed:

> Once the defendant's chance to appeal has been waived or exhausted, however, we are entitled to presume he stands fairly and finally convicted, especially when, as here, he already has had a fair opportunity to present his federal claims in a federal forum. Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless postconviction collateral attacks. To the contrary, a final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal.

*Id.* at 164-65. *Accord Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000) (stating that "respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal"). Where a defendant fails to assert claims on direct appeal and attempts to raise them in a § 2255 motion, "he also must show either that (1) he had good cause for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent." *Regalado*, 334 F.3d at 528.

Once again, however, the sentencing issue raised by the petitioner does not fall within these prohibitions because the gravamen of his argument is that counsel's ineffectiveness prevented him from presenting a genuine issue – and a meritorious one, as it turns out – to the appellate court.

"Ineffective assistance claims are more properly raised in a post-conviction proceeding brought pursuant to 28 U.S.C. § 2255, where the record regarding counsel's performance can be developed in more detail. Th[e court of appeals] typically will not review a claim of ineffective assistance on direct appeal except in rare cases where the error is apparent from the existing record." *United States v. Lopez-Medina*, 461 F.3d 724, 737 (6th Cir. 2006) (citation omitted). This rule is well established in this Circuit. *See United States v. Winkle*, 477 F.3d 407, 421 (6th Cir. 2007); *United States v. Bradley*, 400 F.3d 459, 461-62 (6th Cir. 2005); *United States v. Long*, 190 F.3d 471, 478 (6th Cir. 1999); *United States v. Pruitt*, 156 F.3d 638, 646 (6th Cir.1998); *United States v. Daniel*, 956 F.2d 540, 543 (6th Cir.1992). The ineffective-assistance-of-counsel claim was not and could not have been raised and decided on direct appeal, as the magistrate judge suggested.

The Court must conclude, therefore, that the grounds upon which the magistrate judge recommend denial of the section 2255 motion are flawed, and the petitioner's objections to those grounds must be sustained.

That conclusion, however, does not mean that the petitioner is entitled to relief. A claimed violation of the right to effective assistance of counsel does state a constitutional violation cognizable under section 2255. But the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. The defendant must show "that counsel made errors so serious that

counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689. The Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688) (internal quotes omitted).

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. Unless the petitioner demonstrates both deficient performance and prejudice, "it cannot be said that the conviction [or sentence] . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id*. at 687.

The right to effective assistance of counsel includes the right to effective assistance of appellate counsel. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Carpenter v. Mohr*, 163 F.3d 938, 946 (6th Cir.1998), *rev'd on other grounds sub nom. Edwards v. Carpenter*, 529 U.S. 446 (2000). These standards apply to claims of ineffective assistance of appellate counsel raised in a motion under section 2255. *Ballard v. United States*, 400 F.3d 404, 407-08 (6th Cir. 2005).

In this case, it is tempting to point to the conduct of the co-defendant's attorney and reason that if Robinson's appellate counsel had mimicked the arguments made by defendant Miles, Robinson may have received a reduction in his sentence as well, and therefore his own lawyer's "mistake" foreclosed that opportunity. The Sixth Circuit adopted a similar approach in *Ballard*. In

that case, the Sixth Circuit did find that appellate counsel rendered ineffective assistance for failing to raise arguments on direct appeal that rested on a case decided during the pendency of the appeal. *Id.* at 408-09. The appellate lawyer in *Ballard* declined to pursue colorable challenges to the petitioner's sentence based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *United States v. Dale*, 178 F.3d 429 (1999). The court noted that "while we do not require attorneys to foresee changes in the law, once a change – particularly an important and relevant change – does come about, we expect counsel to be aware of it." *Ballard*, 400 F.3d at 408. Although the court suggested that such an omission alone could conceivably render the appellate counsel's performance deficient, the court's unreasonableness determination was strongly influenced by the fact that the petitioner's co-defendant briefed and won on those same issues on appeal.

Similarly, in *Hicks v. United States*, 122 F. App'x 253 (6th Cir. 2005), the Sixth Circuit again found ineffective assistance in appellate counsel's failure to raise an *Apprendi* argument where *Apprendi* was decided after the appellate briefs were filed but before oral argument. *Id.* at 258. The *Hicks* court noted that several Sixth Circuit decisions handed down during the pendency of Hicks's appeal granted resentencing in cases with substantially similar facts. *Ibid.* Given such clear precedent, counsel's omission was unreasonable.

However, a criminal defendant has no constitutional right to demand that appellate counsel raise every possible colorable issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). "'[W]innowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones*, 463 U.S. at 751-52). The Sixth Circuit has

identified several factors to be considered in assessing the constitutional adequacy of the performance of appellate counsel. Those factors include:

> 1. Were the omitted issues "significant and obvious?"
> 2. Was there arguably contrary authority on the omitted issues?
> 3. Were the omitted issues clearly stronger than those presented?
> 4. Were the omitted issues objected to at trial?
> 5. Were the trial court's rulings subject to deference on appeal?
> 6. Did appellate counsel testify in a collateral proceeding as to his appeal strategy and, if so, were the justifications reasonable?
> 7. What was the appellate counsel's level of experience and expertise?
> 8. Did the petitioner and appellate counsel meet and go over possible issues?
> 9. Is there evidence that counsel reviewed all the facts?
> 10. Were the omitted issues dealt with in other assignments of error?
> 11. Was the decision to omit an issue an unreasonable one which only an incompetent attorney would adopt?

*Mapes v. Coyle*, 171 F.3d 408, 427-28 (6th Cir. 1999); *see also Franklin v. Anderson*, 434 F.3d 412, 429 (6th Cir. 2006). An attorney who has presented strong but unsuccessful claims on appeal may nonetheless deliver a deficient performance by omitting an issue that obviously would have resulted in reversal on appeal. *Clemmons v. Delo*, 124 F.3d 944, 954 (8th Cir.1997); *United States v. Cook*, 45 F.3d 388, 395 (10th Cir.1995); *see also Banks v. Reynolds*, 54 F.3d 1508, 1515 (10th Cir.1995) (failure to raise a "dead-bang winner" claim on appeal constitutes ineffective assistance of appellate counsel even though counsel may have raised other strong but ultimately unsuccessful claims); *Matire v. Wainwright*, 811 F.2d 1430, 1438 (11th Cir.1987) (appellate counsel may be ineffective where the trial error is obvious from the record and "must have leaped out upon even a casual reading of the transcript"). Although appellate counsel need not raise every nonfrivolous argument on direct appeal, he must exercise reasonable professional judgment. *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003) (citing *Jones*, 463 U.S. at 751-52).

It is easy to conclude now that raising the *Blakely* issue in Robinson's direct appeal amounts to the "dead-bang winner" referred to in *Banks*. But that is apparent only in retrospect. At the time of the petitioner's direct appeal, the issue was far from settled. The petitioner filed his claim of appeal on October 2, 2001. His conviction was affirmed by opinion filed November 19, 2004. In *Blakely*'s immediate wake, and during the pendency of the petitioner's appeal, multiple circuits declined to extend the decision to federal sentencing. *See United States v. Hammoud*, 378 F.3d 426 (4th Cir. 2004) (en banc); *United States v. Mincey*, 380 F.3d 102 (2d Cir. 2004); *United States v. Pineiro*, 377 F.3d 464 (5th Cir. 2004). Meanwhile, on July 9, 2004, the Seventh Circuit had applied *Blakely* to invalidate the United States Sentencing Guidelines, *see United States v. Booker*, 375 F.3d 508 (7th Cir. 2004), and by July 21, 2004, the government had petitioned for certiorari and expedited review. The Supreme Court granted certiorari on August 2, 2004, and heard argument on October 4, 2004. But on August 26, 2004, the Sixth Circuit had issued an en banc decision, *United States v. Koch*, 383 F.3d 436, 438 (6th Cir. 2004), holding that "*Blakely* does not compel the conclusion that the Federal Sentencing Guidelines violate the Sixth Amendment." The Supreme Court did not decide *Booker* until January 12, 2005.

So was appellate counsel's performance deficient because he did not preserve the sentencing issue later validated by *Booker*? Considering the *Mapes* factors, the issue was significant, but it was not "obvious" in light of *Koch*. For instance, in *Poindexter v. Mitchell*, 454 F.3d 564 (6th Cir. 2007), the Sixth Circuit applied the *Mapes* factors to an appellate counsel's failure to challenge the trial court's jury instructions on direct appeal and found that the omission was reasonable. *Id.* at 584-85. The court noted that the issue could not have been "significant and obvious" at the time of appeal because the crucial supporting precedent – a decision by the Supreme Court of Ohio – wasn't

-12-

delivered until after the appellate brief was filed. *Koch*, an en banc decision of the Circuit, was contrary authority in Robinson's case. The sentencing issue probably was stronger than the other appellate issues raised in Robinson's direct appeal, but that conclusion likewise is obvious only in retrospect. There was no objection to the application of the sentencing guidelines in this Court, although a ruling on the constitutional issue would not have been entitled to deference on review. The petitioner has not presented any evidence of appellate counsel's level of experience, nor is there any testimony about appellate strategy. However, in *Poindexter*, the court of appeals implied that appellate counsel is not necessarily ineffective for failing to raise a colorable claim on direct appeal, even where a particular omission was a mere oversight and not a strategic decision. *Id.* at 584-85. Finally, the omission of the sentencing issue cannot be found to be unequivocably referable to incompetence. Certainly it would have been prudent to raise the issue, given the pending review by the Supreme Court of the Seventh Circuit's decision in *Booker*. But Circuit precedent was squarely against the petitioner, and therefore appellate counsel's failure to raise the issue cannot be found to have fallen below prevailing professional norms.

If appellate counsel's performance could be deemed deficient, this Court would have no trouble finding prejudice. The petitioner argues that, but for his counsel's failure to raise a *Blakely* challenge to sentencing on appeal, the court of appeals would have remanded the case for re-sentencing following the mandate of the Supreme Court, as it did in the co-defendant's case. Thus, it is of no moment that the court of appeals initially would have rejected the petitioner's *Blakely* argument under *Koch*. The petitioner need only demonstrate that it is reasonably probable that the court of appeals would have remanded the case following the decision of the Supreme Court. But the Court does not find that appellate counsel's performance was deficient in a constitutional sense,

-13-

guided in part by the decisions in *Nichols v. United States* and *Dunham v. United States*. Both of those cases could be distinguished here. In *Nichols*, for example, the petitioner's main complaint was that his appellate attorney did not file a *certiorari* petition to extend the direct appeal and preserve the sentencing issue. The thrust of the court's decision was that "the Constitution does not entitle a criminal defendant to the assistance of counsel for the filing of a petition for certiorari, so counsel's failure to file that petition cannot amount to constitutionally ineffective assistance." 563 F.3d at 249-50. In *Dunham*, the court noted that the petitioner was sentenced five years before *Booker* was decided in 2005 and his conviction was affirmed in 2002. The court stated that "there is no way Dunham could have obtained *Booker* relief on direct appeal, even if his attorney had raised the issue." 486 F.3d at 934. Nonetheless, the court in both cases expressed the view that the Constitution did not require appellate counsel to anticipate and preserve the issue. *Nichols*, 563 F.3d at 253; *Dunham*, 486 F.3d at 934. In light of this precedent, the Court will not hold otherwise.

Because the petitioner cannot establish that appellate attorney's performance was deficient, as is required to sustain a Sixth Amendment claim under *Strickland v. Washington*, he cannot show that his sentence results from an error of constitutional magnitude.

III.

The Court concludes that the petitioner's objections to the magistrate judge's report and recommendation are meritorious and will be sustained. However, on *de novo* review of the motion to vacate the sentence, the Court does not find that the petitioner has established that his appellate counsel's performance was constitutionally deficient.

Accordingly, it is **ORDERED** that the petitioner's objections to the magistrate judge's report and recommendation [dkt #587] are **SUSTAINED IN PART**.

It is further **ORDERED** that the report [dkt #582] is **REJECTED**; but the recommendation is **ADOPTED**.

It is further **ORDERED** that the petitioner's motion to vacate his sentence [dkt #555] is **DENIED**.

                                              s/David M. Lawson
                                              DAVID M. LAWSON
                                              United States District Judge

Dated: July 14, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 14, 2009.

                              s/Lisa M. Ware
                              LISA M. WARE

---